An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PILEA SAMUEL MCGLOTHIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59060

**FILED**

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery with the use of a firearm. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant Pilea Samuel McGlothin claims that insufficient evidence supports his conviction because no one actually testified that they saw him rob the convenience store and he presented an alibi for the time of the robbery. McGlothin also asserts that he "believes that the jury convicted him simply because he was the only African American guy present in the group." This claim lacks merit because the evidence, when viewed in the light most favorable to the prosecution, was sufficient to establish McGlothin's guilt beyond a reasonable doubt as determined by a rational trier of fact. Jackson v. Virginia, 443 U.S. 307, 319 (1979); McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

The jury heard testimony that on December 31, 2010, a man wearing a baseball cap and a distinctive hooded sweatshirt with a skull on it robbed a convenience store at gunpoint, taking some candy and the cash

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 04686

register drawer. Although the store clerk and other individuals in the store were unable to identify the robber, several witnesses described the distinctive hooded sweatshirt and the incident was recorded by surveillance cameras. Copies of the surveillance videos were shown to the jury. On the night of the robbery, McGlothin was given a ride to the convenience store that was robbed. He was wearing a baseball cap and a hooded sweatshirt with a skull on it. McGlothin asked the person giving him a ride to park away from the convenience store. He entered the convenience store and returned quickly, carrying what appeared to be a cash register drawer and some candy. On the ride back to McGlothin's apartment complex, McGlothin threw something out of the car window and the stolen cash register drawer was later recovered from this area. A witness testified that he found a hoodie sweatshirt matching the one worn by the robber when he went to gather McGlothin's property and belongings from his apartment. Although McGlothin presented an alibi for the time of the robbery, it was for the jury to assess the witnesses' credibility and determine the weight to give their testimony, and "[c]ircumstantial evidence alone may sustain a conviction." McNair, 108 Nev. at 56, 61, 825 P.2d at 573, 576. We conclude that substantial evidence supports the verdict, see Bolden v. State, 97 Nev. 71, 73, 624 P.2d

20, 20 (1981); NRS 200.380; NRS 193.165, and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.                    _____, J.
Parraguirre                            Cherry

cc:    Hon. Jerome Polaha, District Judge
       Law Office of Gemma Greene Waldron, PLLC
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[1]The fast track statement is deficient because it does not contain any citation to the appendix. See NRAP 3C(e)(1)(C). We caution appellant's counsel, Gemma Greene Waldron, that any future failure to comply with the Nevada Rules of Appellate Procedure will result in the imposition of sanctions. See NRAP 3C(n).